RECEIVED
OCT 04 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| UNITED STATES OF AMERICA | CRIMINAL NO. 91-50088-01 |
|---|---|
| VERSUS | CIVIL NO. 05-0540 |
| | JUDGE DONALD E. WALTER |
| CEDRIC J. SMITH | MAGISTRATE JUDGE HORNSBY |

## O R D E R

Before this Court is a Motion for Sentence Modification under 18 U.S.C. § 3582 [Doc. #221] by defendant, Cedric J. Smith, wherein defendant relies on Blakely v. Washington, 124 S.Ct. 2531 (2004), and United States v. Booker, 125 S.Ct. 738 (2005). Defendant's reliance on § 3582 is misplaced since the sentencing commission did not lower defendant's sentencing range. See 18 U.S.C. § 3582(c)(2); see also 28 U.S.C. 994(o). Rather, the arguments presented address issues more closely akin to those raised in motions under 28 U.S.C. § 2255, and the Court will treat defendant's motion as such.

The sole argument contained in Smith's motion is that the Court increased his sentence based upon aggravating factors to which he did not plead guilty. See Record Document 221. Smith refers this Court to the recent United States Supreme Court case of United States v. Booker, 125 S. Ct. 738 (2005), in addition to other cases, in support of his contention.

Despite the Booker decision, it is clear that this Court's decision to increase Smith's sentence based on factors found by the Court does not violate Smith's Sixth Amendment Rights. In United States v. Mares, the Fifth Circuit Court of Appeals held that judicial fact-finding is permissible. See United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005). The

court explained that, "[t]he Guideline range should be determined in the same manner as before Booker/Fanfan. Relatedly, Booker contemplates that, with the mandatory use of the Guidelines excised, the Sixth Amendment will not impede a sentencing judge from finding all facts relevant to sentencing." Id. (citing Booker, 125 S. Ct. at 750, 764). It is clear that in sentencing Smith, the court was free to consider aggravating factors without violating his Sixth Amendment rights.

Even before the recent Mares decision, Smith's motion would have been fruitless because the Booker Court expressly stated that its holding would apply to "all cases on direct review." Booker, 125 S. Ct. at 769. As this matter is no longer on direct review, Smith's motion would necessarily have been denied.

As this matter is no longer on direct review, and there has been no violation of defendant's Sixth Amendment rights, **IT IS ORDERED** that defendant's Motion for Sentence Modification be and is hereby **DENIED**. Accordingly, defendant's Motion for Status Conference [Doc. #222] regarding this matter is hereby **DENIED** as moot.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this ⁴ day of Sept, 2005.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE