# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 91-50088 (01) |
| VERSUS | JUDGE DONALD E. WALTER |
| CEDRIC J. SMITH | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Cedric J. Smith ("Smith"). [Rec. Doc. 265]. For the reasons assigned herein, Smith's motion is hereby **DENIED**.

## BACKGROUND INFORMATION

On February 20, 1992, Smith and another individual were charged in a Superseding Indictment with five counts of bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (Counts 1, 3, 5, 7, and 9), and five counts of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Counts 2, 4, 6, 8, and 10). [Rec. Doc. 1-49]. The charges relate to a spree of armed bank robberies in and around Shreveport, Louisiana in the spring of 1990. After a jury trial, Smith was convicted on all counts. [Rec. Doc. 1-140]. The Court sentenced Smith to 108 months imprisonment for the bank robbery charges (Counts 1, 3, 5, 7, and 9). [Rec. Doc. 1-175]. The Court sentenced Smith to 1020 months imprisonment for the gun charges, with each count running consecutively (Count 2 – 60 months, Count 4 – 240 months, Count 6 – 240 months, Count 8 – 240 months, and Count 10 – 240 months). *See id.* The sentences for the bank robberies and gun charges were also ordered to run consecutively, for a total sentence of 1128 months. *See id.* Smith filed a direct appeal of his conviction and sentence. [Rec. Doc. 1-197].

On July 7, 1993, the Fifth Circuit affirmed Smith's conviction and sentence. [Rec. Doc. 1-212]. Smith did not file a petition for writ of certiorari with the United States Supreme Court.

On April 4, 2016, Smith filed a document titled "Affidavit for Entry of Affidavit of Truth: Newly Discovered Evidence." [Rec. Doc. 265]. Therein, Smith raises evidentiary issues and asserts that the court violated his due process rights through the use of certain witness statements. *See id.* Smith further argues that his trial counsel was ineffective for allowing the stacking of his sentences for violations of 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 924(c), which resulted in a sentence of 1128 months rather than 108 to 135 months. *See id.* Two months later, Smith filed another document titled "Attachment: Affidavit of Truth: Judicial Note – Newly Discovered Evidence," wherein he argues that bank robbery no longer qualifies as a "crime of violence" under the force clause of 18 U.S.C. § 924(c)(3) because bank robbery may be accomplished by intimidation only. [Rec. Doc. 268]. Smith also argues that following the Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 135 S.Ct. 2551 (2015), his firearm convictions are no longer proper under the residual clause of section 924(c)(3). *See id.* Smith filed a third document titled "Affidavit of Truth Attachment Motion to Dismiss Case in Request for Relief in light of *Johnson* []". [Rec. Doc. 275]. In this document, Smith asserts that he is entitled to relief under *Johnson* because under the "categorical approach" set forth in *United States v. Descamps*, 570 U.S. 254, 133 S.Ct. 2281 (2013), bank robbery no longer qualifies as a crime of violence under 18 U.S.C. § 924(c). *See id.*

This Court originally denied Smith's petition because it interpreted the filing as a successive 2255 petition filed without the prior authorization of the Fifth Circuit Court of Appeals. [Rec. Doc. 279]. In response, Smith applied for prior authorization to file a successive petition. Upon review, the Fifth Circuit determined Smith's petition was not successive and

2

prior authorization was not required. [Rec. Doc. 281]. Thereafter, this Court withdrew its previous order and provided Smith with the opportunity to amend his previously filed petition before considering the merits. [Rec. Docs. 284, 285].

Smith amended his petition, and attached an additional memorandum. [Rec. Doc. 286]. Therein, Smith reasserts his previous argument that his convictions and corresponding sentences pursuant to 18 U.S.C. § 924(c) are improper in light of *Johnson*. *See id.* Smith also argues that his section 924(c) convictions and sentences are improper because "bank robbery is not categorically a crime a violence." *See id.* The government has filed a response, and this matter is now ripe for review. [Rec. Doc. 287]. [1]

**LAW AND ANALYSIS**

Following conviction and exhaustion or waiver of the right to appeal, the court presumes that a defendant "stands fairly and finally convicted." *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592 (1982)). Relief under section 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

A motion filed under section 2255 is subject to a one-year limitations period, running from the latest of the following dates: (1) when the judgment became final; (2) when a government-created impediment to filing the motion was removed; (3) when the United States Supreme Court initially recognized and made retroactively applicable the legal predicate for the

---

[1] The federal public defender was previously appointed to represent Smith in this matter. [Rec. Doc. 269]. The federal public defender filed a motion to withdraw as counsel after reviewing Smith's petition, and recommended that Smith be allowed to proceed on a pro se basis. [Rec. Doc. 277]. The Court granted the motion. [Rec. Doc. 278].

motion; or (4) when the petitioner could have discovered, through due diligence, the factual predicate for the motion. *See* 28 U.S.C. § 2255(f). A judgment becomes final, under this section, when the applicable period for seeking direct review of a conviction has expired. *See Clay v. United States*, 537 U.S. 522, 527, 123 S.Ct. 1072, 1076 (2003). The limitations period is not jurisdictional and is subject to equitable tolling. *See Parra-Martinez v. United States*, No. 15-348, 2015 WL 9244611, at *3 (W.D. Tex. Dec. 16, 2015) (citing *Holland v. Florida*, 560 U.S. 631, 645, 130 S.Ct. 2549, 2560 (2010)). Equitable tolling is only appropriate, however, in "rare and exceptional circumstances" and "is not intended for those who sleep on their rights." *Parra-Martinez*, 2015 WL 9244611, at *3 (quoting *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999)).

Smith argues that he is entitled to relief from his convictions pursuant to 18 U.S.C. § 924(c) because his predicate convictions, bank robberies in violation of 18 U.S.C. § 2113(a) and (d), no longer satisfy the definition of a "crime of violence" pursuant to section 924(c)(3) after the Supreme Court's decision in *Johnson*. [Rec. Docs. 265, 268, 275, 286]. When a defendant is convicted of certain crimes involving firearms, the court applies the sentencing provisions set forth in 18 U.S.C. § 924. Under section 924(e), known as the Armed Career Criminal Act ("ACCA"), a sentencing enhancement applies when the defendant has at least three previous convictions "for a violent felony or serious drug offense." *See* 18 U.S.C. § 924(e)(1). As defined by 18 U.S.C. § 924(e)(2)(B), "the term 'violent felony' means any crime […] that-- (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized phrase is known as the residual clause of the

4

ACCA. In *Johnson*, made retroactively applicable in *United States v. Welch*, __ U.S. __, 136 S.Ct. 1257 (2016), the Supreme Court held that the residual clause of the ACCA (italicized above) is unconstitutionally vague because it invites arbitrary enforcement and fails to give fair notice of the conduct it punishes. *See Johnson*, 135 S.Ct. at 2557, 2563. Thus, a conviction based on the residual clause of section 924(e)(2)(B)(ii) violates a defendant's right to due process. *See id.*

Smith was convicted of multiple counts of violating of 18 U.S.C. § 924(c) for using and carrying a firearm during and in relation to a crime of violence (bank robbery). [Rec. Doc. 1-175]. Like the ACCA, section 924(c)(3) defines "crime of violence" in two different ways, each under a distinct section. Under section 924(c)(3)(A), known as the elements clause, a crime of violence "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Under section 924(c)(3)(B), referred to as the residual clause, a crime of violence is a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). The Fifth Circuit has held that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague in light of *Johnson*. *See United States v. Davis*, 903 F.3d 483, 485-86 (5th Cir. 2018), *cert. granted* (Jan. 4, 2019) (No. 18-431). However, the elements clause of section 924(c)(3)(A) remains constitutionally sound. *See id.*; *United States v. Bowens*, 907 F.3d 347, 353 (5th Cir. 2018).

Smith was charged and convicted with the commission of five separate bank robberies in violation of 18 U.S.C. § 2113(a), which at the time of Smith's conviction described the criminal act as follows:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by

> extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . .

18 U.S.C. § 2113(a) (West 1991). Smith argues that because it is possible to commit the crime of bank robbery solely by intimidation, which he characterizes as a non-violent act, the statute "does not categorically set forth a crime of violence." [Rec. Doc. 286 at 5].

The Fifth Circuit first considered a version of Smith's argument in the context of a sentencing enhancement imposed under the career offender sentencing guideline, which defined "crime of violence" in exactly the same language found in section 924(c)(3)(A). *See* U.S.S.G. § 4B1.2(a)(1); *United States v. Brewer*, 848 F.3d 711 (5th Cir. 2017). In *Brewer*, the Fifth Circuit concluded that bank robbery, as defined in section 2113(a), qualifies as a "crime of violence" for purposes of section 4B1.2(a)(1) because robbery by intimidation, the least culpable conduct under the statute, "must involve at least an implicit threat to use force." *Id.* at 716. The Fifth Circuit has unequivocally expanded its holding in *Brewer* to apply to cases involving section 924(c). *See United States v. Cosner*, 690 F. App'x 292, 293 (5th Cir. 2017) (*Brewer* dictates that federal bank robbery is categorically a 'crime of violence' for purposes of section 924(c)(3)(A)); *United States v. Ward*, 698 F. App'x 178 (5th Cir. 2017) (bank robbery is a crime of violence under section 924(c)(3)(A)); *United States v. Cadena*, 728 F. App'x 381, 382 (5th Cir. 2018) (bank robbery is a crime of violence under section 924(c)(3)(A) requiring implicit threat of force); *United States v. Lance*, 742 F. App'x 871, 872 (5th Cir. 2018).

Smith was convicted of multiple counts of knowingly carrying and using a firearm during and in relation to a crime of violence (bank robbery) pursuant to 18 U.S.C. § 924(c). [Rec. Doc. 1-175]. Bank robbery is a crime of violence pursuant to the elements clause of section 924(c), not the residual clause. *See United States v. Cheers*, No. 17-60668, 2019 WL 237020, at

*1 (5th Cir. Jan. 16, 2019). The elements clause has not been found to be unconstitutional. *Johnson*, 135 S.Ct. at 2564. Accordingly, Smith cannot rely on *Johnson* to set aside his sentence.

Because *Johnson* does not offer Smith an avenue for relief, Smith's petition is not considered timely under section 2255(f)(3). The timeliness of Smith's petition is subject to the one-year limitation of section 2255(f)(1), which began to run upon the expiration of the 90-day period for filing a petition for certiorari. *See United States v. Gamble*, 208 F.3d 536 (5th Cir. 2000). Smith's conviction was affirmed on direct appeal on July 7, 1993. [Rec. Doc. 1-212]. Pursuant to Supreme Court Rule 13.1, Smith's time for filing a petition for certiorari expired 90 days later on October 1, 1993. Thus, under section 2255(f)(1), Smith's one-year period to file a section 2255 motion ended on October 1, 1994. Smith has not offered grounds for equitable tolling of the deadline. Accordingly, Smith's petition is untimely and must be denied.

## CONCLUSION

For the reasons assigned herein, Smith's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Rec. Doc. 265] is hereby **DENIED**.

**THUS DONE AND SIGNED**, this 6th day of February, 2019.

*/s/ Donald E. Walter*
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE