UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 5:91-CR-50088-01** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **CEDRIC J. SMITH (01)** | **MAGISTRATE JUDGE HORNSBY** |

## ORDER and REASONS

Before the Court is a letter from Defendant Cedrick J. Smith, which the Court construes as a motion for compassionate release. ECF No. 295. For the reasons that follow, the motion is DENIED WITHOUT PREJUDICE, and Smith may re-urge the motion after he has either exhausted his administrative rights, or waited thirty days from the warden's receipt of his request for compassionate release.

On February 20, 1992, Smith and another individual were charged in a Superseding Indictment with five counts of bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (Counts 1, 3, 5, 7, and 9), and five counts of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Counts 2, 4,6, 8, and 10). ECF No. 1-49. The charges relate to a spree of armed bank robberies in and around Shreveport, Louisiana in the spring of 1990. After a jury trial, Smith was convicted on all counts. ECF No. 1-140. The Court sentenced Smith to 108 months imprisonment for the bank robbery charges (Counts 1, 3, 5, 7, and 9). ECF No. 1-175. As to the firearm charges, the Court sentenced Smith as follows: Count 2 – 60 months; Count 4 – 240 months; Count 6 – 240 months; Count 8 – 240 months; and Count 10 – 240 months. *Id.* Each of the firearm charges were ordered to run consecutively to each other and to the bank robbery sentence, thereby resulting in a total term of imprisonment of 1,128 months (*i.e.*, 94 years). *Id.* On

July 7, 1993, the United States Court of Appeals for the Fifth Circuit affirmed Smith's conviction and sentence. ECF No. 1-212. Smith is currently incarcerated at USP Pollack, and his projected release date is October 27, 2071.[1]

As a general rule, a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception to the foregoing statute allows for what is commonly referred to as "compassionate release." As applicable here, the statute provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that--
>
> > **(1)** in any case--
> >
> > > **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> > >
> > > > **(i)** extraordinary and compelling reasons warrant such a reduction. . .
> > >
> > > . . . .
> > >
> > > > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

---

[1] *See* https://www.bop.gov/inmateloc/ (last visited May 11, 2021).

18 U.S.C.A. § 3582(c)(1)(A). The requirement that a defendant file a request for reduction of sentence with the Bureau of Prisons ("BOP") before filing a motion in federal court is mandatory. *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020).

Nothing in Smith's motion indicates he has presented his request for compassionate release to the BOP. As set forth in the statute, Smith cannot petition for judicial relief until he "has fully exhausted all administrative rights" or has waited thirty days from the warden's "receipt of his request." 18 U.S.C. § 3582(c)(1)(A). Accordingly, Smith's motion for compassionate release [ECF No. 295] is DENIED WITHOUT PREJUDICE to his right to renew his request upon a showing of administrative exhaustion.

Should Smith re-file his motion after he has exhausted his administrative remedies, he is strongly encouraged to use form AO 250 ("Pro-se Motion for Compassionate Release") (attached), as that should ensure the Court has before it the necessary information to rule on any such motion.

SIGNED this 11th day of May, 2021.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE